**RICHARD R. BEST**
**REGIONAL DIRECTOR**
Lara Shalov Mehraban
Wendy B. Tepperman
Richard Hong
Eric C. Kirsch
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, New York 10281-1022
(212) 336-0956 (Hong)
HongR@sec.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                Plaintiff,<br><br>          -against-<br><br>JOSEPH CIMINO,<br><br>                                Defendant. | **COMPLAINT**<br><br>21 Civ. _____ (   )<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Securities and Exchange Commission ("Commission"), for its Complaint against Defendant Joseph Cimino ("Cimino"), alleges as follows:

**SUMMARY**

1.  This case involves fraud perpetrated by Cimino in connection with sales of securities issued by 6 Degree Tequila, LLC ("Six Degree"), a private company Cimino founded purportedly creating and distributing its own brand of tequila. Cimino knowingly or recklessly made material misrepresentations to investors in Six Degree and misappropriated funds raised from those investors.

2. Between December 2014 and September 2017, Cimino personally solicited investors for Six Degree and raised approximately $985,000 from approximately 24 investors, most of whom were located in New York or New Jersey.

3. Cimino presented Six Degree as a start-up company that had already successfully raised funds from a number of investors. An investor list that Cimino maintained and gave to investors contained false investor names and dollar amounts, creating the appearance that Six Degree had raised more money than it actually had. Cimino also provided false financial information to Six Degree's largest investor prior to soliciting a second round of investment from him.

4. As he raised funds from investors, Cimino instead misappropriated most of those funds for personal purposes, such as purchases at grocery stores, department stores, fast food restaurants, and home improvement stores.

## VIOLATIONS

5. By virtue of the foregoing conduct and as alleged further herein, Cimino has violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

6. Unless Cimino is restrained and enjoined, he will engage in the acts, practices, transactions, and courses of business set forth in this Complaint or in acts, practices, transactions, and courses of business of similar type and object.

## NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT

7. The Commission brings this action pursuant to the authority conferred upon it by Securities Act Sections 20(b) and 20(d) [15 U.S.C. §§ 77t(b) and 77t(d)] and Exchange Act

Section 21(d) [15 U.S.C. § 78u(d)].

8. The Commission seeks a final judgment: (a) permanently enjoining Cimino from violating the federal securities laws and rules this Complaint alleges he has violated; (b) ordering Cimino to disgorge all ill-gotten gains he received as a result of the violations alleged here and to pay prejudgment interest thereon pursuant to 15 U.S.C. § 78u(d)(5) and Sections 6501(a)(1) and (a)(3) of the National Defense Authorization Act for Fiscal Year 2021, Pub. L. No. 116-283, to be codified at 15 U.S.C. §§ 78u(d)(3) and 78u(d)(7); (c) ordering Cimino to pay civil money penalties pursuant to Securities Act Section 20(d) [15 U.S.C. § 77t(d)] and Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)]; and (d) ordering any other and further relief the Court may deem just and proper.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to Securities Act Section 22(a) [15 U.S.C. § 77v(a)] and Exchange Act Section 27 [15 U.S.C. § 78aa].

10. Cimino, directly and indirectly, has made use of the means or instrumentalities of interstate commerce or of the mails in connection with the transactions, acts, practices, and courses of business alleged herein.

11. Venue lies in this District under Securities Act Section 22(a) [15 U.S.C. § 77v(a)] and Exchange Act Section 27 [15 U.S.C. § 78aa]. Cimino may be found in, is an inhabitant of, or transacts business in the Southern District of New York, and certain of the acts, practices, transactions, and courses of business alleged in this Complaint occurred within this District. Cimino operated Six Degree out of his home in Orange County, New York and misappropriated proceeds of investments in this District.

**DEFENDANT**

12.  **Cimino**, age 56, is a resident of Warwick, NY. He incorporated Six Degree on June 30, 2014 and served as its sole Managing Member until January 2018.

**OTHER RELEVANT ENTITY**

13.  **Six Degree** was a New York limited liability corporation with its principal place of business in Warwick, New York. Six Degree distributed its own brand of tequila, which was manufactured for Six Degree by a distiller in Mexico. In addition to Cimino as Managing Member, Six Degree had one employee, whose job was to find new distributors for Six Degree.

**FACTS**

**I.  Cimino Offered and Sold Interests in Six Degree to Investors.**

14.  Cimino solicited investors to purchase membership interests in Six Degree between December 2014 and September 2017, raising approximately $985,000 in total. Cimino personally solicited each of the investors. On at least several of those occasions, Cimino incorporated a tequila tasting into his sales pitch.

15.  Cimino provided prospective investors with an Operating Agreement and a Membership Agreement.

16.  The Six Degree Operating Agreement appointed Cimino as sole Managing Member and granted him a 51% initial membership interest in exchange for cash and services in kind. Under the Operating Agreement, Cimino was not entitled to a salary or any other form of compensation for his work without the consent of a majority of the interests of investors. Moreover, Cimino could only obtain reimbursement of certain expenses of Six Degree incurred in the management of Six Degree's business.

17.  To purchase Six Degree shares, investors signed the Operating Agreement and the

Membership Agreement, which gave them a percentage ownership interest based on the amount they invested and a pro rata entitlement to profits and losses.

18. The Operating Agreement required each investor to represent and warrant that the investor was acquiring its interest in the company for the investor's own account as an investment and without an intent to distribute the interest. It also provided that as Managing Member, Cimino had the sole authority to manage Six Degree, and investors had no management rights.

II.   **Cimino Knowingly or Recklessly Misrepresented and Omitted Material Facts**

19. Cimino created and maintained lists of Six Degree's investors. However, in at least two instances, Cimino provided purported investor lists that included false entries to potential investors to induce them to invest in Six Degree. Cimino falsely included names and investment amounts for individuals who were his friends and family members, but who had never invested in Six Degree. Cimino obtained a $37,500 from one such investor in March 2016, and he obtained $75,000 from the other investor in August 2017.

20. Cimino also created a 40-page booklet providing sales and expense forecasts and describing Six Degree's product and business plan. The booklet falsely reported, for 2015, sales of approximately $260,000 and a net profit of approximately $40,000. As Six Degree did not launch its operations until the spring of 2016, these numbers were entirely fictitious. Cimino provided this booklet to at least one investor who invested $37,500 in Six Degree in March 2016.

21. Cimino later prepared and distributed to investors financial statements that contained false information, including reports of sales that had not occurred. For example, on July 18, 2017, Cimino distributed to investors a quarterly update that falsely reported year-to-date sales in Puerto Rico—one of the few jurisdictions where Six Degree was sold—of 891 cases of tequila. In reality, Six Degree had sold fewer than 200 cases in Puerto Rico. The report

attached a profit and loss statement that was based on false, inflated sales totals, including the false Puerto Rico sales. One of the investors who received this statement considered it in making an additional investment of $75,000 on August 9, 2017.

22.     As the sole person with the power to manage Six Degree and the sole person (aside from the one employee who found new distributors for Six Degree) engaged in operating Six Degree, Cimino knew or recklessly disregarded that each of these statements were false. By making these statements to potential investors, Cimino knowingly or recklessly engaged in deceptive conduct designed to mislead them.

### III.    Cimino Misappropriated Investor Funds

23.     Although the Operating Agreement provided that any compensation to the Managing Member would require the consent of a majority of the interests of investors, and although it restricted the expenses for which Cimino could reimburse himself, Cimino continually misappropriated funds raised from investors for personal purposes—often within days of it being deposited in Six Degree's accounts.

24.     Cimino's first sale of Six Degree membership interests, raising $50,000 from an individual, was deposited in Six Degree's bank account on December 4, 2014. Four days later, on December 8, Cimino transferred approximately $12,412 to his personal checking account, $552 to pay his car loan, and $99 to a restaurant. The next day, on December 9, Cimino transferred from Six Degree's bank account another $4,000 to his personal account. Cimino used the funds to pay his personal expenses. Seven days after Six Degree received the proceeds in its bank account of its next sale of membership interests on December 24, 2014, Cimino made another payment from Six Degree's bank account to his car loan.

25.     This pattern repeated itself throughout the time that Cimino was selling membership interests in Six Degree. When Cimino began ramping up his selling efforts in

March 2016, he again transferred significant sums to his personal account. For example, Six Degree obtained an investment of $150,000 in its bank account on April 20, 2016, and one week later, Cimino transferred $24,687 from Six Degree's bank account to his checking account.

26.  Between December 2014 and January 2018, Cimino used a majority of the funds raised from investors for unauthorized personal purposes. He transferred a total of over $470,000 from Six Degree's bank account directly to his personal checking account. These funds constituted substantially all of the funds deposited in Cimino's personal checking account during this period, and Cimino used the funds to pay his living expenses, such as purchases at grocery stores, department stores, fast food restaurants, and home improvement stores.

27.  Cimino also spent directly from Six Degree's bank account more than $28,000 on his cars, including payments on car loans; $58,000 in payments to several credit cards; and $7,600 in ATM withdrawals. By the time Cimino was removed as Managing Member, only $1,800 remained in Six Degree's account. Immediately after Cimino was removed, he accessed those funds to make an auto loan payment, a transfer to his account, and a hotel bill payment.

28.  Throughout the time period, Cimino provided prospective investors with the Operating Agreement, which represented that any payment of compensation to Cimino would require the consent of a majority of the interests of investors. Cimino did not disclose to investors his prior misappropriation or that he intended use a substantial portion of the money he raised to fund his living expenses without the consent of the majority of investors. In doing so, Cimino knowingly or recklessly engaged in deceptive conduct designed to mislead and steal from Six Degree investors.

29.  Six Degree's investors lacked the power to remove him unless he violated a standard of care that prohibited grossly negligent or reckless conduct, intentional misconduct,

fraud, or a knowing violation of law. In January 2018, after an investor learned of Six Degree's true financial condition and called a meeting of members, Six Degree's members removed Cimino as Six Degree's Managing Member.

### FIRST CLAIM FOR RELIEF
### Violations of Securities Act Section 17(a)

30. The Commission re-alleges and incorporates by reference here the allegations in paragraphs 1 through 29.

31. Cimino, directly or indirectly, singly or in concert, in the offer or sale of securities and by the use of the means or instruments of transportation or communication in interstate commerce or the mails, (1) knowingly or recklessly has employed one or more devices, schemes, or artifices to defraud, (2) knowingly, recklessly, or negligently has obtained money or property by means of one or more untrue statements of a material fact or omissions of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and/or (3) knowingly, recklessly, or negligently has engaged in one or more transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

32. By reason of the foregoing, Cimino, directly or indirectly, singly or in concert, has violated and, unless enjoined, will again violate Securities Act Section 17(a) [15 U.S.C. § 77q(a)].

### SECOND CLAIM FOR RELIEF
### Violations of Exchange Act Section 10(b) and Rule 10b-5 Thereunder

33. The Commission re-alleges and incorporates by reference here the allegations in paragraphs 1 through 29.

34. Cimino, directly or indirectly, singly or in concert, in connection with the

purchase or sale of securities and by the use of means or instrumentalities of interstate commerce, or the mails, or the facilities of a national securities exchange, knowingly or recklessly has (i) employed one or more devices, schemes, or artifices to defraud, (ii) made one or more untrue statements of a material fact or omitted to state one or more material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and/or (iii) engaged in one or more acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons.

35. By reason of the foregoing, Cimino, directly or indirectly, singly or in concert, has violated and, unless enjoined, will again violate Exchange Act Section 10(b) [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that the Court enter a Final Judgment:

**I.**

Permanently enjoining Cimino and his agents, servants, employees, and attorneys and all persons in active concert or participation with any of them from violating, directly or indirectly, Securities Act Section 17(a) [15 U.S.C. § 77q(a)], Exchange Act Section 10(b) [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

**II.**

Ordering Cimino to disgorge all ill-gotten gains he received directly or indirectly, as a result of the alleged violations, with pre-judgment interest thereon, pursuant to 15 U.S.C. § 78u(d)(5) and Sections 6501(a)(1) and (a)(3) of the National Defense Authorization Act for Fiscal Year 2021, Pub. L. No. 116-283, to be codified at 15 U.S.C. §§ 78u(d)(3) and 78u(d)(7);

**III.**

Ordering Cimino to pay civil monetary penalties under Securities Act Section 20(d) [15 U.S.C. § 77t(d)] and Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)]; and

**IV.**

Granting any other and further relief this Court may deem just and proper.


Dated: New York, New York
       February 17, 2021

                              Respectfully submitted,

                              /s/ Richard R. Best
                              RICHARD R. BEST
                              REGIONAL DIRECTOR
                              Lara Shalov Mehraban
                              Wendy B. Tepperman
                              Richard Hong
                              Eric C. Kirsch
                              Attorneys for Plaintiff
                              SECURITIES AND EXCHANGE COMMISSION
                              New York Regional Office
                              Brookfield Place
                              200 Vesey Street, Suite 400
                              New York, New York 10281-1022
                              (212) 336-0956 (Hong)
                              HongR@sec.gov